UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MONAT HAIR CARE PRODUCTS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                              MDL No. 2841

**TRANSFER ORDER**

    **Before the Panel**:[*] Plaintiffs Monat Global Corp. and parent company Alcora Corp. in the *Miller* action pending in the District of Nevada and listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 2841. Defendant Toni Miller opposes the motion.

    After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2841, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions in which plaintiffs contended that Monat advertised its products as promoting hair stability and growth, but instead plaintiffs experienced significant hair loss or thinning and other complications (such as itching, scalp irritation, sores and cystic acne) after using Monat products. *See In re: Monat Hair Care Prods. Mktg., Sales Practices & Prods. Liab. Litig.,* 2018 WL 3014957 (J.P.M.L., June 6, 2018). The initial actions centralized were putative class actions brought by consumers of Monat products. Plaintiffs also asserted that the hair care products contained ingredients that were expressly disclaimed by Monat in its advertising. *Id.* at *1. *Miller* involves factual allegations related to whether Monat products do, in fact cause hair loss and scalp irritation (among other maladies), and it therefore clearly falls within the MDL's ambit.

    Monat argues against transfer that *Miller* is factually different from the MDL actions and likely will be resolved much more quickly. *Miller* is different from the typical MDL action brought by users of Monat products for products liability and improper marketing, in that it is a commercial disparagement action brought by Monat against a Nevada hair stylist. But, where, as here, "common factual issues exist, . . . the presence of different legal theories among the subject actions is not a bar to centralization." *In re: Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Contrary to Monat's arguments, *Miller* likely will involve discovery common to the MDL – namely, whether Monat products actually cause the various conditions mentioned by defendant Miller or suffered by the MDL plaintiffs. Chief among these common conditions are hair loss and scalp sores/lesions. The complaints in the MDL actions

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

-2-

reference various online posts detailing alleged user experiences with the Monat products, including the "Monat – My Modern Nightmare" user group[1] from which defendant Miller allegedly re-posted several pages on her personal Facebook page. Moreover, several MDL plaintiffs mention that Monat has attempted to silence its critics by suing them.[2] *Miller*, which defendant argues is a strategic lawsuit against public participation, could be seen as of a piece with that effort, although Monat characterizes *Miller* as an attempt to vindicate its reputation.

Transfer will place all similar discovery before the transferee judge, who can accommodate any differences between *Miller* and the MDL actions. Because the MDL is in its infancy, *Miller* should be able to be incorporated into the MDL proceedings with minimal disruption. Should the need arise, the transferee judge can accommodate any unique discovery needs that this case presents. Further, given that *Miller* does not involve any issues concerning class certification, we note that it may be that *Miller* can be remanded for trial in advance of the other actions.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Darrin P. Gayles for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| Marjorie O. Rendell | Lewis A. Kaplan |
| R. David Proctor | Ellen Segal Huvelle |
| Catherine D. Perry | |

---

[1] *See, e.g., Hoffpauir v. Monat Global Corp.*, S.D. Florida, C.A. No. 18-21606, doc. 1, Compl. at ¶ 9 ("[A]n inherent design and/or manufacturing defect in Defendant's Monat Products causes significant hair loss and scalp irritation to many consumers. For example, Ms. Harrington started a Facebook page that has more than 8,000 members called "Monat—My Modern Nightmare," filled with stories by women claiming to have been injured by the Monat Haircare Product.").

[2] *See, e.g., Row v. Monat Global Corp.*, S.D. Florida, C.A. No. 18-21731, doc. 1, Compl. at ¶ 53 ("Monat has exacerbated the deception and concealed the defects from the unsuspecting public by actively concealing customer's comments concerning hair loss by blocking or deleting them, and filing lawsuits against individuals who made public statements concerning the damage resulting from the defective hair care products.").

**IN RE: MONAT HAIR CARE PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**     MDL No. 2841

**SCHEDULE A**

<u>District of Nevada</u>

MONAT GLOBAL CORP. v. MILLER, C.A. No. 2:18-324